Joiner v. Corrections                    CV-93-374-B   2/27/95
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEW HAMPSHIRE

Harry R. Joiner, III

     v.                                            No. 93-374-B

Corrections Officer Lawrence Blackwood, et al.


                          **O R D E R**

     Pending before me are motions by the plaintiff and the
defendants relating to discovery in this civil rights case.

                       **I. DISCUSSION**

     Defendants move to compel more complete responses to
interrogatories and to compel plaintiff, who is appearing pro se,
to sign and return medical authorizations.  Defendants also move
for an extension of time to disclose their expert witnesses.
Plaintiff moves to compel defendants to produce documents as
requested, for a further postponement of his disclosure of expert
witnesses, for appointment of expert witnesses, and for
appointment of counsel.  I address each of the motions beginning
with the plaintiff's motion for appointment of counsel.

     A. **Plaintiff's Motion for Appointment of Counsel**

     Plaintiff renews his motion for appointment of counsel to
represent him in this case.  The court may ask counsel to

represent a plaintiff proceeding in forma pauperis in a civil case. 28 U.S.C.A. § 1915(d). Because no absolute constitutional right to representation in a civil case exists, appointment of counsel is within the discretion of the court. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). Under the particular circumstances of this case, I determine that appointment of counsel to represent plaintiff is appropriate.

The plaintiff brings an action for damages under 42 U.S.C.A. § 1983 alleging violations of his rights by a group of defendants while he was a pretrial detainee at the Valley Street Jail of Hillsborough County. Following review pursuant to 28 U.S.C.A. § 1915(d) of the plaintiff's complaint and several successive amendments, the magistrate concluded that plaintiff stated colorable claims based on allegations of insufficient procedural safeguards in several disciplinary proceedings, an unreasonable strip search, insufficient protection from cold and wet in his living conditions, punitive restraint systems, and denial of his right of access to the court. In the course of the proceedings, the magistrate also has dismissed several of plaintiff's claims and has dismissed certain defendants including the Hillsborough County Commissioners.

Without passing further on the adequacy of plaintiff's pleadings, his allegations describe sufficiently serious mistreatment to require further proceedings. Plaintiff alleges that he was denied bedding or warm clothing while cold air was blown into his holding area and when he was denied dry clothing after the cell fire sprinkler system soaked him. He alleges that he was injured when he was tied down for a night first strapped to a "boogie board" and then chained to the floor restricting circulation to his hands and feet because officers repeatedly tightened the straps despite his protests and the nurses' instructions to loosen the straps. He also alleges that jail staff removed his legal papers from his cell and never returned them.

The plaintiff is currently incarcerated in Oklahoma. He represents that the law library is inadequate, that he is unable to locate or afford expert witnesses to support his claims, and that he cannot adequately investigate and secure factual support for his claims through witnesses and other information. He also explains that he has limited education and understanding of law and legal procedure. Despite plaintiff's commendable job in presenting his case so far, I am convinced that exceptional circumstances now exist justifying appointment of counsel to

3

represent him through the rigors of discovery, the complexities of preparing and trying a § 1983 case. Accordingly, I exercise my discretion to appoint counsel on plaintiff's behalf.

Plaintiff's motion to appoint expert witnesses on his behalf is denied.

### B. Plaintiff's and Defendants' Motions to Extend Deadline for Disclosure of Expert Witnesses

All present discovery deadlines are stayed pending appointment of counsel to represent plaintiff. A pretrial conference will be scheduled as soon as counsel enters an appearance on behalf of plaintiff, and new discovery deadlines will be set at that time. Thus, both plaintiff's and defendants' motions to extend discovery deadlines are denied as moot.

### C. Defendants' Motion to Compel Interrogatory Responses

Defendants object to several of plaintiff's responses to their interrogatories on the grounds that plaintiff's answers are incomplete nor nonresponsive. After reviewing plaintiff's answers specified by defendants, I order plaintiff to review his answers and to supplement those objected to by the defendants as necessary to comply with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 33(b)(1). See, e.g., Morgan v. Massachusetts Gen. Hosp., 712 F. Supp. 242, 260 (D. Mass. 1989), aff'd in part,

4

vacated in part, remanded, 901 F.2d 186 (1st Cir. 1990).

Rule 33 requires that "[e]ach interrogatory be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable."  The scope of discovery, including interrogatories, is broad:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved int he pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).  When interrogatories ask for information about the party personally, such as his employment history, his prior residences, prior incarcerations, and his medical history or requests for treatment, the response that he does not have records documenting the requested information is insufficient.  References to allegations in the complaint are also not sufficient answers to interrogatories.  Instead, if the request is not objectionable, the party shall answer to the

5

extent of his own personal knowledge, including any records available to him, and explain the limits of his knowledge or information if necessary. Objections to an interrogatory shall be stated specifically in the response. Fed. R. Civ. P. 33(b)(4). See Fed. R. Civ. P. 26(b)(2).

In light of the standard summarized above for interrogatory responses, plaintiff shall file supplemental answers to interrogatories three, four, six, seven, thirteen, nineteen, twenty, twenty-one, twenty-two, and twenty-three. Interrogatory fifteen is not clear and apparently confused plaintiff. Plaintiff is not ordered to supplement his response to interrogatory fifteen, but defendants may propound a new interrogatory on that subject if they wish which plaintiff shall answer. Plaintiff shall sign and return to defendants the medical authorizations requested in interrogatory twenty-four or notify defendants to provide new authorization forms which he shall sign and return immediately. I also call plaintiff's attention to New Hampshire Local Rule 14(e) which requires a party to supplement certain interrogatory responses.

In interrogatory thirty, defendants ask for a list of all witnesses whom plaintiff intends to call at trial and asks plaintiffs to "specify" each witness's expected testimony.

6

Plaintiff responded that he had not yet compiled a list of witnesses. Plaintiff is ordered to answer interrogatory thirty directly -- that is, he shall list any witnesses he presently intends to call to testify at trial and summarize the subject matter of their expected testimony, or state that he does not intend to call witnesses at trial. In addition to the obligations of Local Rule 14(e) noted above, I remind plaintiff that discovery in this case is scheduled to close on May 1, 1995, and that he is required to submit pretrial materials including a list of his proposed witnesses by May 15, 1995. See Local Rule 10(a)(1).

Plaintiff shall serve his supplemental answers on defendants no later than twenty days after the date of this order.

D. **Plaintiff's Motion to Compel Discovery**

Finally, plaintiff moves to compel defendants to provide documents requested in his previous motion. Defendants acknowledge that their response was inadequate having overlooked the last page of plaintiff's request, but they also object to many of plaintiff's requests. The scope of discovery under Federal Rule of Civil Procedure 34 is controlled by Rule 26(b) quoted above. Therefore, documents that are not privileged, that are relevant to the suit, and that are within the possession,

7

custody or control of the party requested are discoverable under Rule 34. I resolve the disputed requests as follows.

## 1. Requests for Documents Denied

Plaintiff's requests four and five ask for law rather than for evidence. Also, in general, a party is not entitled to the trial preparation materials of an adverse party. See Fed. R. Civ. P. 26(b)(3). In requests nine and ten, plaintiff requests copies of medical records from the New Hampshire State Prison and Oklahoma County Jail Facility that are not in the possession, custody or control of the defendants. See Fed. R. Civ. P. 34(a). Plaintiff's request thirty-one asks for "[c]opies of any and all records of E.L.S. . . ." Defendants state that "E.L.S." refers to an inmate's status and no records are created concerning an inmate's status. In requests numbers thirty-two and thirty-three, plaintiff asks for disciplinary records of another inmate which defendants contend are confidential and privileged information. Accordingly, plaintiff's motion to compel production of documents pursuant to his requests numbered four, five, nine, ten, thirty-one, thirty-two, and thirty three is denied.

## 2. Requests for Documents Granted

The plaintiff's motion to compel production as to the

8

remaining requests is granted subject to the following limitations. In response to requests numbers seven and thirty-four, defendants are ordered to redact the identifying information from the disclosed records. As to request number eleven, the defendants are ordered to produce all records concerning any complaints against any defendants that relate to the defendants' treatment of other inmates and any portions of records that directly or indirectly concern defendants' treatment of the plaintiff. Plaintiff's request number twelve asks for a list of all employees at the Valley Street Jail between January 14, 1992, and March 11, 1993, and defendants object that the request is overly broad, unduly burdensome, and beyond the permissible scope of discovery. The time period stated in the request corresponds to the period when plaintiff alleges that he was mistreated by the defendants at the jail. Although plaintiff's request covers a period of more than a year and may encompass employees who had no connection and no opportunity to provide information leading to admissible evidence as to the occurrences he alleges in his complaint, defendants have not explained why the request is unduly burdensome to them. At a minimum, defendants must explain the burdensome effect of the request. Accordingly, the request is granted subject to

9

defendants' further specification of their objection.

## II. CONCLUSION

For the foregoing reasons defendants' motion to compel answers to interrogatories (document number 58) is granted except as to interrogatory fifteen; defendants' motion to extend disclosure of experts deadline is denied (document number 61); plaintiffs' motions for postponement, and to appoint expert witnesses are denied (document number 62); plaintiff's motion to appoint counsel is granted (document number 62); plaintiff's motions to compel discovery are granted in part and denied in part (documents number 60 and 62).

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

February 27, 1995

cc.  Harry Joiner, III, Esq.
     James Walker, Esq.
     Carolyn Kirby, Esq.

10